IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JUDITH CELIO, N.C. a minor,
and J.I. a minor, and NICHOLAS
QUESADA

     Plaintiffs,

     v.

CITY OF CHICAGO, and CHICAGO
POLICE OFFICERS VICTOR RAZO, Star No.
3424, SGT. SANCHEZ, OFFICER ZENEKE,
Star No. 17319, OFFICER SCUMACI, Star
No. 3811, and UKNOWN CHICAGO
POLICE OFFICERS

     Defendants.               JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs, Judith Celio, N.C., a minor, and J.I., a minor, and Nicholas Quesada through

their attorneys, Second City Law, P.C., bring this complaint against Defendants City of Chicago

("Defendant City"), and Chicago Police Officers, Victor Razo, Star No. 3424, Sgt. Sanchez,

Officer Zeneke, Star No. 17319, Officer Scumaci, Star 3811, and Unknown Chicago Police

Officers stating as follows:

### JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. Section 1983 to redress the

deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and

1367.

3.  Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district, and the events giving rise to the claims occurred within this district.

## PARTIES

4.  All Plaintiffs are members of Judith Celio's family and at the time of the incident, resided in Cook County Illinois.

5.  Defendants Victor Razo, Star No. 3424, Sgt. Sanchez, Officer Zeneke, Star No. 17319, Officer Scumaci, Star 3811, and Unknown Chicago Police Officers were (referred to herein collectively as "Defendant Officers"), at all relevant times, employed by Defendant City as Chicago Law Enforcement Officers.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6.  Defendant City is a municipal corporation duly incorporated under the laws of the State of Illinois, and was at all relevant times, the employer and principal of the Defendant Officer.

## FACTUAL BACKGROUND

7.  On the night of July 9, 2016, the Celio family was at home.

8.  After hearing a series of loud noises at approximately 3:30 am, which they believed to be gunshots, the family gathered in the kitchen.

9.  At that time, Judith Celio heard police sirens several blocks away.

10. Soon police officers with flashlights, including the Defendant Officers were combing the backyards of houses on the block.

11. Defendant Officers shined flashlights through the window at Mrs. Celio and her family.

12. Sgt. Sanchez approached the window and told Plaintiffs to let him inside the residence.

13. Defendant Sanchez pointed his service weapon at the family and threatened them.

14. Mrs. Celio who was nervous about how the aggressive police officers might treat her sons, told Defendant Sanchez that he could not come inside without a warrant.

15. Defendant Sanchez did not have a warrant.

16. He told the Plaintiffs in a menacing way that he would be back and would be coming inside.

17. A short time later the front of the Celio house was covered in bright spotlights.

18. Members of a Chicago Police Swat team emerged from a military style vehicle.

19. They pointed their assault rifles at the house.

20. Mrs. Celio, terrified, went first into the thicket of guns.

21. She told the officers that her sons were young men and she was scared that they would be harmed.

22. One at a time she coaxed her children out.

23. Plaintiffs' home was searched by Defendant Officers without a warrant and without exigent circumstances.

24. All Plaintiffs were searched including J.I. who was nine and N.C. who was 14.

25. Defendant Officers took N.C.'s bag where she had her personal items and medication, and threw it on the ground.

26. Plaintiffs were detained without probable cause and were taken around the corner.

27. Plaintiffs were held outside of a police car, in full view of the neighborhood, and not allowed to leave until after noon over seven hours later.

28.   Defendant officers tore apart the Plaintiff's home and used flash bang grenades inside.

29.   Defendant Officers took several items including N.C.'s small bicycle and never returned it.

30.   Mrs. Celio was asked to sign a consent to search form *after* her house had been ransacked.

31.   Mrs. Celio refused.

32.   Mrs. Celio's small dogs were now running loose on the streets, because Defendant Officers left her doors wide open.

33.   Defendant Officers did not procure a search warrant until 1:34 p.m. on July 10, 2016.

34.   When Mrs. Celio approached her home, Sgt. Sanchez called her over to his car, and gave her a copy of the late obtained warrant and an inventory form.

35.   When Mrs. Celio asked what she should do now, Sgt. Sanchez said "clean your fucking house up."

36.   No one from Mrs. Celio's home was charged with any crime.

37.   As a result of the Defendant Officers' actions, the Plaintiffs were harmed including emotional injuries.

## Count I – 42 U.S.C. § 1983
## Fourth Amendment – Unreasonable Search

38.      Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39.      The actions of Defendant Officers, as detailed above, constituted unreasonable, unjustifiable, and unreasonable searches of all Plaintiffs' persons and home; thus, violating Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

40.      As a proximate result of the above-detailed actions of Defendant Officers,

Plaintiffs suffered injuries including pain and suffering, emotional distress and mental anguish.

## Count II – 42 U.S.C. § 1983
## Fourth Amendment – False Arrest

41.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

42.     Defendant Officers knowingly arrested Plaintiffs without probable cause in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

43.     As a result of Defendant Officers' conduct, Plaintiffs suffered injury including but not limited to emotional distress and loss of freedom.

## Count III – 42 U.S.C. § 1983
## Fourth Amendment – Excessive Force

44.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

45.     Defendant Officers actions as described above constituted excessive and unreasonable force in violation of the Fourth Amendment of the United States Constitution.

46.     As a result of Defendant Officers' conduct, Plaintiffs suffered injury including but not limited to emotional distress and loss of freedom.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, or oppressively, Plaintiffs seek punitive damages against them in their individual capacity, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just. Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED,


　　　/s/James M. Baranyk　　　　
Attorney for Plaintiff


James Baranyk
Second City Law, P.C.
1543-5 W. Morse, Second Floor
Chicago, IL 60026
773.517.2904